UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SCOTT BENSON                                          CIVIL ACTION

VERSUS                                                NO: 05-5444

MARLIN N. GUSMAN, ET AL                               SECTION: "J"(2)

### ORDER

Before the Court is the **Emergency Petition for Writ of Habeas Corpus**, in which petitioner seeks immediate release from the Orleans Parish House of Detention by Marlin N. Gusman, Criminal Sheriff for the Parish of Orleans.

Petitioner asserts that his petition is filed in federal court in the first instance because "circumstances exist that render such process ineffective to protect [his] rights." Petition at 2. Specifically, petitioner claims that he cannot exhaust his state court remedies because the state courts, including the Supreme Court, are currently closed in the aftermath of Hurricane Katrina.

The website of the Criminal District Court for the Parish of

Orleans (www.criminalcourt.org) reflects that in fact, the Criminal Court is operating and holding daily hearings at the House of Detention – the very facility where petitioner is housed. In addition, the Court notes that the website of the Louisiana Supreme Court (www.lasc.org) reflects that that institution is accepting filings in New Orleans via mail and at its temporary headquarters in Baton Rouge. A telephone call from the undersigned's office confirmed this fact.

"While petitions under 28 U.S.C. § 2241 on behalf of pretrial detainees are not subject to the statutory requirement of exhaustion of remedies applicable to prisoners challenging state-court convictions under § 2254(b), federal courts may, nevertheless, require as a matter of comity, that such detainees exhaust all avenues of state relief before seeking the writ." Jarrell v. Louisiana, 2004 WL 2729795, *1 (E.D. La. Nov. 24, 2004)(citing Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 489-90 (1973); Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir. 1987). In this case, where the petition complains about the amount of bond set but does not support the petition with any record of the bond hearing, or even mention what petitioner was charged with, the Court finds that it would be an egregious breach of comity for it to pass on the merits of the petition, when the state courts have not been afforded the opportunity to

pass on the matter.  Accordingly, the Court finds that petitioner's **Emergency Petition for Writ of Habeas Corpus** must be **DENIED**, and this matter is hereby **DISMISSED without prejudice** for failure to exhaust state law remedies.

New Orleans, Louisiana, this __7th__ day of November, 2005.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE